# EMERGENCY PETITION FOR WRIT OF MANDAMUS

**Submitted by Petitioner, K.S.**

<u>No. 25-5093</u>

**Filed: March 27, 2025**

---

**UNITED STATES COURT OF APPEALS**

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**IN RE: K.S.,**

**Petitioner,**

**v.**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA,**

**Respondent.**

---

## I. INTRODUCTION

**Petitioner, K.S., is a disabled United States veteran, survivor of Military Sexual Trauma (MST), and pro se litigant. She respectfully petitions this Court for a writ of mandamus compelling the U.S. District Court for the District of Columbia to immediately assign a judge and rule on her emergency motions in Case No. [REDACTED].**

**Petitioner suffers from complex PTSD, schizoaffective disorder, and is currently in an acute psychiatric crisis involving imminent risk of harm to self. She filed an Emergency Injunction on March 10, 2025, and a Temporary Restraining Order (TRO) and Emergency Protective Order on March 21, 2025. No judge has been assigned. No action has been taken.**

**On March 21, Petitioner physically appeared at the D.C. courthouse and informed the Clerk's Office she was in crisis. She requested ADA accommodations. She was told:**

> **"I don't know what you're talking about. The judge will look at it when he feels like it."**

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

MAR 2 7 2025

RECEIVED

She called Judge [REDACTED]'s chambers. She also contacted the U.S. Marshals, who confirmed that they delivered her message to the Clerk. Still, she received no reply.

Petitioner had previously filed written notice of her psychiatric crisis with the Eastern District of Virginia on March 19, 2025. Despite this, that court issued a Show Cause Order threatening dismissal for nonappearance.

She writes:

> "I am being punished for being disabled. I watched the Twin Towers fall and still signed up to serve. Now I'm crying in a federal courthouse and no one will help me. I have done everything I can."

## II. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1651(a).

See also:

- Cheney v. U.S. Dist. Ct., 542 U.S. 367 (2004)

- TRAC v. FCC, 750 F.2d 70 (D.C. Cir. 1984)

- Mallard v. U.S. Dist. Ct., 490 U.S. 296 (1989)

## III. PROCEDURAL HISTORY

- March 7, 2025 – MST records posted publicly in EDVA

- March 10, 2025 – Emergency Injunction filed in D.D.C.

- March 19, 2025 – Crisis notice filed in EDVA (docketed)

- March 21, 2025 – TRO and Protective Order filed in D.D.C.

- March 21, 2025 – ADA request denied, marshals contacted

- March 27, 2025 – Petition filed due to judicial inaction

## IV. LEGAL BASIS FOR RELIEF

Petitioner invokes rights under:

- ADA – 42 U.S.C. § 12132

- Rehabilitation Act – 29 U.S.C. § 794

- Fair Housing Act – 42 U.S.C. § 3617

- 28 U.S.C. § 1331

- Fed. R. Civ. P. 65

- Fed. R. Civ. P. 26(b)

- D.C. Super. Ct. R. 26(b)(2)

- Privacy Act – 5 U.S.C. § 552a

Relevant case law:

- Farmer v. Brennan, 511 U.S. 825 (1994)

- Tennessee v. Lane, 541 U.S. 509 (2004)

- In re United States, 872 F.2d 472 (D.C. Cir. 1989)

- Chambers v. NASCO, 501 U.S. 32 (1991)

---

## V. REASONS THE WRIT SHOULD ISSUE

### A. Clear and Indisputable Right to Relief

Petitioner has established federal claims and constitutional access rights.

### B. Clear Duty to Act

The District Court has failed to assign a judge or take any action.

### C. Irreparable Harm

Petitioner is experiencing an acute psychiatric crisis. Her records remain unsealed.

### D. No Other Remedy Exists

No judge is assigned. No action is possible. All other avenues are exhausted.

### E. TRAC Factors Are Met

The delay is unreasonable, dangerous, and denies Petitioner's rights.

---

## VI. RELIEF REQUESTED

Petitioner respectfully asks this Court to:

1. Assign a judge to Case No. [REDACTED];

2. Rule on her Emergency Injunction, TRO, and Protective Order;

3. Enforce ADA accommodations and appoint an ADA coordinator;

4. Seal MST and psychiatric records from public view;

5. Compel Defendants to disclose insurance coverage under discovery law;

6. Allow Petitioner to cure any procedural deficiencies due to disability;

7. Grant all other just and necessary relief.

---

Respectfully submitted,

K.S.

Petitioner, pro se

March 27, 2025

SUPPLEMENTAL STATEMENT REGARDING PROCEDURAL GAMESMANSHIP, INSURANCE LIABILITY, AND SYSTEMIC OBSTRUCTION IN FEDERAL COURT

Submitted by Petitioner, K.S.

Filed: March 27, 2025

---

TO THE HONORABLE COURT:

Petitioner, a disabled veteran and MST survivor, respectfully submits this supplemental statement to clarify and expand upon critical issues of procedural abuse, ethical evasion, and systemic bias that are impacting her access to justice in both the Eastern District of Virginia and the United States District Court for the District of Columbia. This statement supplements but does not replace any previously submitted filings.

---

## I. PROCEDURAL GAMESMANSHIP AND INSURANCE LIABILITY

Defendant Friendship Place receives federal funding through the Supportive Services for Veteran Families (SSVF) program, a congressionally funded initiative under the U.S. Department of Veterans Affairs. Despite this, its attorneys have:

　　•Filed a Motion to Dismiss that omits Plaintiff's allegations of disability discrimination, denial of accommodations, and personal injury;

　　•Claimed the complaint is "vague" despite clearly invoking 42 U.S.C. § 12132 (ADA), 29 U.S.C. § 794 (Rehabilitation Act), and 42 U.S.C. § 3617 (FHA);

　　•Failed to disclose insurance coverage, violating Fed. R. Civ. P. 26(b)(2) and D.C. Super. Ct. R. Civ. P. 26(b)(2);

　　•Structured filings to avoid alerting their insurance carrier to the existence of civil rights claims.

Petitioner asserts that this tactic risks insulating the insurer from liability and violates basic discovery obligations. She reserves the right to seek joinder of the insurer under Fed. R. Civ. P. 19 or 21. See Hickman v. Taylor, 329 U.S. 495 (1947).

---

## II. SYSTEMIC JUDICIAL OBSTRUCTION AND UNEQUAL TREATMENT

In EDVA, Plaintiff filed notice of her psychiatric crisis on March 19, 2025. That court later issued a Show Cause Order threatening dismissal for failure to appear—despite having formal notice of the emergency.

Defendants, meanwhile, have not been sanctioned or held accountable for:

•Procedural gamesmanship;

•Discovery violations;

•Misrepresenting Plaintiff's federal claims;

•And concealing facts relevant to public funding and insurance.

This is a clear abuse of discretion. See Batson v. Kentucky, 476 U.S. 79 (1986); Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

---

III. OBSTRUCTION AT THE CLERK LEVEL IN D.C.

On March 21, 2025, Petitioner:

•Disclosed that she was in an acute psychiatric crisis involving imminent risk of harm to self;

•Requested an ADA coordinator pursuant to 28 C.F.R. § 35.107;

•Was told, "I don't know what you're talking about" and "the judge will look at it when he feels like it."

This violated Plaintiff's rights under Title II of the ADA and constitutes regulatory failure under 28 C.F.R. § 35.107(a).

Meanwhile, Petitioner observed jovial conversation among court staff while she was visibly crying and begging for help. For a veteran in crisis, this signals institutional rejection and worsens psychological collapse.

---

IV. CONCLUSION

Petitioner asks this Court to:

1.Take judicial notice of these patterns of misconduct;

2.Hold all parties to the same legal and ethical standards;

3.Enforce federal disability access and discovery laws;

4.Recognize that Plaintiff is not seeking special treatment, but simply the legal process afforded to all others.

Respectfully submitted,

K.S.

Petitioner, pro se

March 27, 2025

MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY PETITION FOR WRIT OF MANDAMUS

Submitted by Petitioner, K.S.

Filed: March 27, 2025

---

## I. INTRODUCTION

Petitioner, K.S., is a disabled veteran and MST survivor who has been repeatedly denied court access, ADA accommodations, and procedural protection. This memorandum supports her Emergency Petition for Writ of Mandamus, requesting that the U.S. Court of Appeals for the D.C. Circuit compel the U.S. District Court for the District of Columbia to assign a judge and rule on emergency motions pending since March 10, 2025.

Petitioner is suffering from active suicidal ideation. She informed both the Clerk and U.S. Marshals of her crisis, submitted medical evidence, and appeared in person on March 21, 2025. Despite this, no judge has been assigned, no rulings issued, and no ADA representative provided.

---

## II. LEGAL STANDARD FOR MANDAMUS

Mandamus is appropriate when:

1. The petitioner has a clear and indisputable right to the relief;

2. The respondent has a clear duty to act;

3. No adequate alternative remedy exists.

See:

- Cheney v. U.S. Dist. Ct., 542 U.S. 367 (2004)

- TRAC v. FCC, 750 F.2d 70 (D.C. Cir. 1984)

---

## III. STATUTORY AND CONSTITUTIONAL RIGHTS AT STAKE

Petitioner has asserted claims and rights under:

- 42 U.S.C. § 12132 (ADA Title II)



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

MAR 27 2025

RECEIVED

•29 U.S.C. § 794 (Rehabilitation Act)

•42 U.S.C. § 3617 (FHA retaliation)

•28 U.S.C. § 1331 (federal question jurisdiction)

•Fed. R. Civ. P. 65 (TRO standards)

•5 U.S.C. § 552a (Privacy Act)

Failure to assign a judge, provide ADA accommodations, or seal trauma-related records constitutes violations of due process and equal protection under the Fifth Amendment.

---

## IV. JUDICIAL DUTY TO ACT

The Court's failure to assign a judge for over two weeks is a refusal to exercise jurisdiction, not a delay. See In re United States, 872 F.2d 472, 477 (D.C. Cir. 1989). Emergency motions require timely review, especially where psychiatric risk has been disclosed and documented.

---

## V. IRREPARABLE HARM AND NO ALTERNATIVE REMEDY

Petitioner has:

•Provided advance notice of a psychiatric emergency (March 19);

•Called chambers and U.S. Marshals;

•Physically appeared at the courthouse and requested help;

•Filed in multiple courts with no judicial response.

This is not delay—it is abandonment. There is no other avenue for relief. See Farmer v. Brennan, 511 U.S. 825 (1994).

---

## VI. THE TRAC FACTORS DEMAND INTERVENTION

•No rule of reason explains the delay;

•Human health and welfare are being harmed;

•Judicial priorities are not hindered by action;

•Rights are prejudiced daily;

•Clerks and chambers were informed, and nothing was done.

---

## VII. INSURANCE AND NONDISCLOSURE

Defendants have failed to disclose their insurance carrier under D.C. Super. Ct. R. Civ. P. 26(b)(2) and Fed. R. Civ. P. 26(b)(1). If their carrier is unaware it is funding retaliation against a disabled, pro se MST survivor, this constitutes a failure of ethical oversight. See Hickman v. Taylor, 329 U.S. 495 (1947).

---

## VIII. DO NOT DISMISS ON PROCEDURAL GROUNDS

Petitioner pleads with this Court:

---

## IX. CONCLUSION

The Court must intervene to restore procedural and emotional dignity.

Petitioner respectfully asks this Court to:

1. Compel D.D.C. to assign a judge;

2. Rule on all pending motions;

3. Assign an ADA coordinator;

4. Seal trauma-related records;

5. Compel insurance disclosure;

6. Permit Petitioner to cure any procedural defects.

---

Respectfully submitted,

K.S.

Petitioner, pro se

March 27, 2025